UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN, <br><br> Plaintiff, <br><br> v. <br><br> LASSEN COUNTY, et al., <br><br> Defendants. | No. 2:17-cv-1734-WBS-EFB P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He argues that the named defendants violated both his constitutional rights and provisions of the Indian Child Welfare Act ("ICWA") when they terminated his custody rights over his biological son. ECF No. 8 at 5-8. The court dismissed plaintiff's initial complaint for failure to state a claim (ECF No. 5) and plaintiff filed an amended complaint (ECF No. 8). It has since come to the court's attention that plaintiff filed a substantially similar action in 2016. *See Hoffman v. Lassen County, et al.*, No. 2:16-cv-00946 JAM AC. Like the immediate case, plaintiff's earlier action alleged that defendants violated his rights under the constitution and ICWA when they conducted a "detention hearing" under Cal. Welfare & Inst. Code § 300 and presented false allegations of child abuse. *Id.* at ECF Nos. 12 & 13. This previous case was ultimately dismissed without prejudice pursuant to Fed. R. Civ. P. 19, however, when it was determined that plaintiff had failed to join a necessary party – Casey Simoni, the child's biological mother. *Id.* at ECF Nos. 35 & 37.

1

In her findings and recommendations (which were adopted in full by the district judge), Magistrate Judge Claire reasoned that the child's mother stood to lose her parental rights, and that proceeding with the case without the mother would impede her ability to protect those rights. *Id.* at ECF No. 35 at 4. Judge Claire also determined that the mother could not feasibly be joined insofar as defendants represented that her whereabouts were unknown and she might be living out of state. *Id.* at 5. Consequently, Judge Claire concluded that this court's personal jurisdiction over the mother had not been established. *Id.*

That same analysis seems to apply here. Accordingly, plaintiff is ordered to show cause fourteen days of the entry of this order why this action should not be dismissed for the same reasons as the earlier action. In doing so, plaintiff shall indicate whether he has a reasonable belief that the child's mother can be feasibly joined. Such representation **must be accompanied by some indication of where she might be served**. If plaintiff fails to comply with this order, the court will recommend that this action be dismissed.

So Ordered.

DATED: April 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE